[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Motion to Strike before the court has been filed by third party defendants who signed a written contract with the named defendant, pursuant to which they held their wedding reception at the named defendant's facility.
The plaintiff claims to have fallen and suffered injuries on a stairway owned and controlled by the named defendants. These defendants have brought the wedding couple into the case by serving a third party complaint. Section 52-102a. Their motion to strike asserts that the third party complaint fails to state a claim because the terms of the indemnity provision upon which the third party plaintiffs rely is ambiguous and therefore unenforceable against them, and if not ambiguous in any event, is void as against public policy.
As a result, plaintiff must forthwith provide to defendants authorizations to Doctors Gabriel and Prokop for all records (not just reports), for February 16, 1987 to present. The court is aware that standard form discovery speaks of "reports" rather than "records." In context, however, where causation dispute(s) are apparent in conjunction with other accidents, it is clear the treater's records will likely be reviewed at deposition, leaving little reason to prevent prior scrutiny, especially it this, in turn. might obviate the need for such deposition. Such records, additionally, would obviously be admissible at trial, under multiple rationale, and thus easily meet (and surpass) the traditional discovery thresholds.
Nor is plaintiff permitted to restrict the authorization (as it does most recently, as to "reports or opinions") to material previously furnished to plaintiff or his attorneys. Defendants' rights in this area are not circumscribed by what plaintiff has sought or received.
NADEAU, JUDGE